a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MOSES ONYANGO OKOTH #A087-686-062,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-01848<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| U S IMMIGRATION & CUSTOMS ENFORCEMENT,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Moses Onyango Okoth ("Okoth"), an immigration detainee at Winn Correctional Center in Winnfield, Louisiana.

Because Okoth does not allege that his detention has exceeded the presumptively reasonable period, it should be DENIED and DISMISSED WITHOUT PREJUDICE.

## I.     Background

Okoth is a native and citizen of Kenya.  ECF No. 1-1 at 1.  He was ordered removed on June 9, 2010.  *Id.* at 4.  Okoth alleges that he has been detained since October 26, 2025, beyond the 90 day removal period.  He also asserts that there is no substantial likelihood of his removal to Kenya in the reasonably foreseeable future. ECF  No. 1 at 6; ECF No. 10.

1

II.    Law and Analysis

Once an alien is ordered removed, the Government must physically remove him from the United States within a 90-day "removal period."   8 U. S. C. § 1231(a)(1)(A); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021).    The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final"; (2) the date of the final order of any court that entered a stay of removal; or (3) the date on which the alien is released from non-immigration detention or confinement. *Id.* at § 1231(a)(1)(B).

However, the United States Supreme Court has held that § 1231 permits the detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States.  *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  Detention for up to six months is presumptively reasonable.  *Id.*

After six months, if an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six-month presumption does not mean that every alien not removed must be released after six months.   To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.  *See Zadvydas,* 533 U.S. at 701.

Okoth alleges that he has been detained for less than six months, since October 26, 2025.  ECF No. 10 at 1.  Accordingly, his detention is presumptively reasonable, and his Petition is premature. *See Chance v. Napolitano*, 453 F. App'x 535 (5th Cir.

2011) (per curiam) (concluding that the district court did not err in finding that the "challenge to [petitioner's] continued post removal detention was premature" when the petitioner "had not been in post-removal-order detention longer than the presumptively reasonable six-month period" authorized by *Zadvydas*); *Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004) (per curiam) (finding that a continued detention claim was "premature" because the petitioner "had not yet been in custody longer than the presumptively reasonable six-month post removal order period"), *cert. denied*, 544 U.S. 1066 (2005).

III.    Conclusion

Because Okoth's Petition is premature, IT IS RECOMMENDED that the Petition be DENIED and DISMISSED WITHOUT PREJUDICE to refiling after the presumptively reasonable period has expired.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, February 19, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

4